# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LOLA MAE SMITH,

        Appellant,

    v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
AT-0752-14-0772-I-1

DATE: May 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Everett M. Urech</u>, Esquire, Daleville, Alabama, for the appellant.

<u>Jack McKimm</u>, Fort Rucker, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal alleging that her retirement was involuntary. Initial Appeal File (IAF), Tab 1. The record reflects that on May 9, 2012, the appellant, who was employed as a Personnel Operations Specialist, GS-0301-09, applied for a "MEDCOM Voluntary Separation Incentive Payment for Reshaping or Downsizing" to separate from service with an early retirement (VERA) and a separation incentive payment (VSIP). IAF, Tab 14 at 9. The appellant indicated that her retirement was voluntary with an effective date of June 30, 2012. *Id.* Because the appellant's VERA application was approved but the VSIP was not, her supervisor continued to pursue approval of the appellant's VSIP application. The appellant was notified on August 1, 2012, that her VSIP application had been approved. However, the appellant decided to rescind her VSIP application on August 10, 2012, resulting in the withdrawal of her retirement application. *Id.* at 26. After several conflicts at work between the appellant and her supervisor, *id.* at 13-23, the appellant contacted the agency's Human Resources Specialist on September 19, 2012, to inquire whether her approval for a VERA/VSIP retirement was still valid, IAF, Tab 27 at 11. The appellant was advised that, if she could retire by September 30, 2012, her retirement application was valid, but if she could not retire by that date, then she would have to wait until the next allocation

cycle in fiscal year 2013. *Id*. The appellant signed the VSIP agreement on September 19, 2012, in which she certified that her "application for the buyout is voluntary and the effective date of [her] separation" was September 30, 2012, and that she understood that her "request for the personnel action and the payment terms [were] irrevocable." IAF, Tab 8 at 8. On September 26, 2012, the appellant again tried to withdraw her request to retire, but the agency denied the request and advised her that, because she had signed the VERA/VSIP paperwork, her retirement would be effective on September 30, 2012. IAF, Tab 27 at 13.

¶3    On appeal, the administrative judge determined that the appellant was alleging that the agency forced her to retire by denying her request to withdraw her retirement application, misinforming her of the new GS-11 position that was to be created in her office, and creating intolerable work conditions. IAF, Tabs 33, 17. Because the administrative judge found that the appellant raised nonfrivolous allegations that her retirement was involuntary, the administrative judge held the requested hearing. IAF, Tab 33. The administrative judge found that the agency did not abuse its discretion when it denied the appellant's request to withdraw her retirement application and that she failed to show that her retirement was based on misinformation from the agency. IAF, Tab 35, Initial Decision (ID) at 5-9. The administrative judge also found that the appellant failed to show that a reasonable person under the same circumstances would have felt compelled to retire. ID at 9-11. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.

¶4    On review, the appellant appears to argue that her appeal is not based on the agency's denial of her request to withdraw her retirement application, but rather it is based on the allegations she raised in her equal employment opportunity (EEO) complaint.[2] Specifically, the appellant alleges that she was denied a reasonable

_____

[2] The record reflects that the appellant learned on February 25, 2011, that a GS-11 position had been created as part of the restructuring of her position, and that she contacted an EEO counselor 2 days later. IAF, Tab 1 at 2. On April 8, 2013, the

accommodation due to a work-related eye injury and that the agency discriminated against her based on her medical disabilities. Petition for Review (PFR), Tab 1. The appellant also asserts that she has new evidence.[3] PFR File, Tabs 1, 4.

¶5      However, in a September 4, 2014 Order and Summary of Status Conference, the administrative judge advised the parties of the issues she would consider at the hearing and those issues were limited to whether the agency abused its discretion when it denied the appellant's request to withdraw her retirement application, and whether there were intolerable working conditions that forced her to retire. IAF, Tab 17. The parties were informed that they must submit written exceptions to the summary within 5 days of the notice. *Id.* The appellant did file any objection to the summary.

¶6      Similarly, in a subsequent summary of an October 27, 2014 prehearing conference, the administrative judge limited the issues in the appeal to: "(1) [w]hether the appellant can prove that the agency abused its discretion when it denied her request to withdraw her retirement application; (2) whether the appellant can prove that her retirement was involuntary because of misinformation; and (3) whether the appellant can show that her retirement was involuntary because of intolerable working conditions." IAF, Tab 33. The administrative judge informed the parties that they must state any objection to the summary on the record at the commencement of the hearing. *Id.* Again, the

---

appellant filed an EEO complaint. This complaint was dismissed in its entirety on June 6, 2014, as untimely filed. IAF, Tab 1 at 1.

[3] The appellant has submitted medical documentation dated January 29 and February 11, 2015, which indicate that she does not have any significant psychological disorders, and that she has been diagnosed with irritable bowel syndrome. While this documentation is new, it is not material as it does not show that the appellant's retirement was involuntary. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

appellant did not object to the issues identified in the summary. IAF, Tab 34, Hearing Compact Disc (CD).

¶7        The appellant now claims for a first time on review that her appeal is based on the allegations she raised in her EEO complaint. However, the appellant failed to preserve these allegations by objecting to either of the administrative judge's summaries of the issues when given an opportunity to do so. *See Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 6 (2011); *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (an issue is not properly before the Board where it is not included in the administrative judge's memorandum summarizing the prehearing conference, which states that no other issues will be considered, unless either party objects to the exclusion of that issue in the summary).

¶8        Furthermore, even if the appellant did preserve her objection that she retired under the VERA and VSIP because the agency failed to accommodate her, we would find that her argument is without merit. As the administrative judge correctly found, there is no evidence that the appellant had previously requested an accommodation and that the parties engaged in the interactive process. ID at 11. Nor is there any evidence that there was an accommodation available to her, even if she had requested one. To the extent the appellant may be asserting that she requested accommodation for her eye condition from the commanding officer when she met with him, the record shows that when the appellant met with the commanding officer, she had already completed and submitted her retirement paperwork in which she certified that her decision was final and that she understood that she would not be given another opportunity to withdraw her retirement application. IAF, Tab 23 at 63-78, 82-83; Hearing CD.

¶9        Moreover, the applicable law and the record evidence support the administrative judge's findings that the appellant failed to show that her retirement was involuntary due to coercion created by intolerable working conditions, misinformation, refusal without good cause to allow her to withdraw

her retirement before its effective date, or that she was mentally incompetent. ID at 5-11. Therefore, we discern no reason to disturb these explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, we conclude that the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at [http://www.mspb.gov/probono](http://www.mspb.gov/probono) for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.